JASON J. BACH, ESQ.
Nevada Bar No.: 7984
THE BACH LAW FIRM, LLC
6053 S. Fort Apache Rd., Suite 130
Las Vegas, NV 89148
Tel: (702) 925-8787
Fax: (702) 925-8788
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| DANIELLE MAFFEO,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, ex. Rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; a Political Subdivision of the State of Nevada; KAREN WEST, individually and as Dean of the School of Dental Medicine of the University of Nevada, Las Vegas; DOES I-XX, inclusive,<br><br>    Defendants. | CASE:<br><br><br><br><br><br><br><br>**COMPLAINT**<br>**(Jury Demanded)** |

COMES NOW, Plaintiff, DANIELLE MAFFEO (hereinafter referred to as "Plaintiff"), by and through her attorney of record, JASON J. BACH, ESQ. of THE BACH LAW FIRM, LLC, and hereby complains and alleges against the above-named Defendants, and each of them, based upon knowledge, information and a reasonable belief derived therefrom, as follows:

## INTRODUCTION

This is a Complaint for Damages and Declaratory Judgment, pursuant to Fed. R. Civ. P. 57, brought by a student of the University of Nevada, Las Vegas. The claims, against the University System, the University, the Dean, Employees and Officers of this public university, are based upon 42 U.S.C. Section 1983 and the Fifth, and Fourteenth Amendment of the United States Constitution, alleging infringement of Plaintiff's right to substantive and procedural due process. Plaintiff also

relies on the University's School of Dental Medicine Student Handbook and alleges a pendent breach of contract claim. Plaintiff has also asserted a claim against all Defendants for negligent hiring, training, and supervision, intentional and negligent infliction of emotional distress, defamation, slander, libel, and injunctive and declaratory relief.

## PARTIES & JURISDICTION

1. This Court has jurisdiction over the claims set forth in this action pursuant to 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Section 1343 (civil rights).

2. Supplemental jurisdiction over Plaintiff's pendent state law claims is invoked pursuant to 28 U.S.C. Section 1367, as the claim arises out of the same transaction and occurrence as Plaintiff's federal claim.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. 1391(b) in that the claims arose in this district, and Plaintiffs and Defendants are located in this district.

4. Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. Section 1988.

5. Plaintiff is currently a resident of the State of Nevada, and at all relevant times, was a student at the University of Nevada, Las Vegas.

6. Defendant THE STATE OF NEVADA, ex. Rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS is a political subdivision of the State of Nevada and operates the University of Nevada, Las Vegas (hereinafter referred to as "UNLV"), a public educational institution of higher learning.

7. Defendant KAREN WEST is the Dean of the School of Dental Medicine at UNLV. She is named in this case both individually and in her official capacity as Dean of the School of Dental Medicine at UNLV.

8. That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES I through XX are unknown to Plaintiff, who therefore, sues said Defendants by such fictitious names.

9. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOES are responsible in some manner for the events and happenings referred

to in this action and proximately caused damages to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint, to insert the true names and capacities of said Defendants, and when the same have been ascertained to join such Defendants in this action.

10. At all times herein, the individual Defendants and the Defendant UNLV, have been acting under color of law.

11. At all times relevant hereto, and in all their actions described herein, Defendants' actions took place in the State of Nevada, County of Clark.

12. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## GENERAL FACTUAL ALLEGATIONS

13. Plaintiff Danielle Maffeo was a student at the University of Nevada, Las Vegas School of Dental Medicine from September 2005 until January 2008. In September 2007 the Dean of the School of Dental Medicine, Defendant Karen West, issued a decision that Danielle Maffeo be "indefinitely separated" from the University due to the fact that she had allegedly failed two courses.

14. Plaintiff 'appealed' the decision of Defendant West pursuant to the terms of the University's School of Dental Medicine Student Handbook, as in fact, Plaintiff Maffeo had not failed those courses.

15. After it was revealed that a grading error had taken place, the Dental Medicine Appeals Committee ruled in Plaintiff Maffeo's favor and made findings that Defendant West's prior order of "indefinite separation" was incorrect, and made recommendations for Plaintiff Maffeo not to be "indefinitely separated". Defendant West accepted some of the recommendations of the Appeals committee and unilaterally imposed others. This was contrary to accepted and approved guidelines provided by the University's School of Dental Medicine Student Handbook, and despite the basic fact that Plaintiff had not failed, making Defendant West's decision arbitrary and capricious.

16. In December 2007, Defendant West once again unilaterally and incorrectly ruled that Plaintiff Maffeo had not adhered to her prior academic order. In letters dated December 12, 2007

and December 19, 2007, Defendant West ordered Plaintiff Maffeo "indefinitely separated from the University".

17. The decisions made by Defendants UNLV and West to remove Plaintiff from the dental program are arbitrary and capricious in nature, are in violation of the University's School of Dental Medicine Student Handbook, was in violation of the Dental Medicine Appeals Committee decision, and was in retaliation for Plaintiff Maffeo asserting her due process and civil rights in prior disputes with Defendant West.

18. As a result of Defendant UNLV and West's arbitrary, capricious, and unlawful actions, Plaintiff has been prevented from attending classes at UNLV, thus halting and destroying her ability to attend dental school or to ever enter the dental profession.

19. Defendants have taken said actions against Plaintiff in retaliation against her for asserting her rights pursuant to the U.S. Constitutional Rights, the University's School of Dental Medicine Student Handbook, and the Nevada System of Higher Education (NSHE) Code.

20. As a result of the above, Defendants, and each of them, have wrongly caused Plaintiff to be sanctioned and removed from the University and for the above-noted sanctions to be wrongly placed on her record, all in violation of her U.S. Constitutional Rights, depriving her of the opportunity to obtain an education and further her career, and inflicting emotional distress and physical injury, all damaging her in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## FIRST CAUSE OF ACTION

### CIVIL RIGHTS VIOLATION, DUE PROCESS VIOLATION, FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

21. Paragraphs 1 through 20, inclusive are incorporated by reference.

22. The actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy of Defendant UNLV, which is implemented by Deans, and other employees of the said Defendants, all acting under the color of law, who chose to violate Plaintiff's constitutional rights, without rightful authority of law, and who continue to violate Plaintiff's constitutional rights on an on-going basis by preventing her from returning to school, and effectively preventing her from being admitted

to another institution of higher learning.

23. Supervisory and policy making officers and officials of said Defendants have known the existence of the *de facto* policy described above for a substantial period of time.

24. Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the said Defendants have not taken steps to determine said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in the said practices, have not effectively trained Deans and other employees with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described herein.

25. That the above actions by Defendants have resulted in both the substantive and procedural due process denial of rights, all in violation of the Fifth and Fourteenth Amendment to the United States Constitution.

26. That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of Plaintiff and other similarly situated students, all in violation of the Plaintiff's constitutional rights, and as a direct and proximate result thereof, the Plaintiff sustained severe damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

27. The acts, conduct and behavior of each of the Individual Defendant's was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

28. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

### *BREACH OF CONTRACT*

29. Paragraphs 1 through 28, inclusive are incorporated by reference.

30. Plaintiff has an express and implied contract with Defendants in connection with rights explicitly guaranteed by UNLV pursuant to the University's School of Dental Medicine Student Handbook, NSHE Code, and the UNLV Student Handbook.

31. The actions of Defendants constitute a breach of the express and implied contract.

32. As a result of the breach committed against the Plaintiff, she has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

33. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

### THIRD CAUSE OF ACTION

*NEGLIGENCE / NEGLIGENT HIRING, TRAINING, & SUPERVISION*

34. Paragraphs 1 through 33, inclusive, are incorporated by reference.

35. At all times material and relevant herein, the Defendants had a duty to not violate the Constitutional rights of their students.

36. At all times relevant herein, Defendant UNLV had a duty not to hire individuals with a propensity towards committing unlawful acts against those who lawfully go about their business, and to adequately train and supervise their agents, officers, and employees.

37. At all times relevant herein, the Defendant UNLV had a duty to protect the public, such as Plaintiff, from the illegal actions of their own agents, officers, employees and others. In addition, Defendant UNLV had a duty not to hire individuals with a propensity towards committing unlawful acts against the public, and to adequately train and supervise their employees.

38. Defendants, and each of them, breached their respective duties, and are therefore negligent and liable to the Plaintiff, who has suffered serious economic loss, loss of reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys, as well as other painful injuries, deprivation of his liberty, invasion of his privacy, grievous mental suffering, all to her damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

39. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

///

///

///

## FOURTH CAUSE OF ACTION

### *INTENTIONAL AND NEGLIGENT INFLICTION OF SEVERE MENTAL DISTRESS*

40. Paragraphs 1 through 39, inclusive, are incorporated by reference.

41. As a result of Defendants' intentional and negligent conduct and omissions, Plaintiff, suffered and continues to suffer great mental and emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem, and self-worth, shame and humiliation, including but not limited to: severe and clinical depression, anxiety, loss of sleep, and change of appetite.

42. Plaintiff has required medical and psychological care as result of the malfeasance and nonfeasance of Defendants. This has caused Plaintiff to incur expenses for medical care, treatment, and expenses incidental thereto. The total amount of Plaintiff's damages cannot yet be fully ascertained, and as such we respectfully ask leave of this Court to amend Plaintiff's Complaint to insert the full amount when such have been fully ascertained.

43. As a result of the mental distress described above, Plaintiff has suffered serious psychological injury, loss of community reputation, medical expenses, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as deprivation of his liberty, invasion of his privacy, and grievous mental suffering, all to damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

44. The acts, conduct and behavior of the Defendants were performed willfully, intentionally, oppressively, fraudulently and maliciously, by reason of which Plaintiff, is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

45. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## FIFTH CAUSE OF ACTION

### *INJUNCTIVE AND DECLARATORY RELIEF*

46. Paragraphs 1 through 45 inclusive are incorporated by reference.

47. Defendant actions of preventing Plaintiff from attending class and continuing in the dental program at UNLV and the placing of notations of any accusations, findings, or sanctions

against her, in Plaintiff's student file or upon her transcript, is unjust and illegal.

48. The harm caused by Defendant is irreparable and can only be mitigated by the reinstatement of Plaintiff as a student and omission of any notations. For that reason, Plaintiff is entitled to an order requiring Defendants to immediately allowing her to return to the dental program, remove any notations of any accusations, findings or sanctions, and prohibiting Defendants from further interfering with Plaintiff's educational future.

49. As a result of the acts committed against Plaintiff, she has been damaged all in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

50. As a result of Defendants' intentional conduct, they have caused Plaintiff to incur attorney's fees in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and thus Plaintiff is entitled to an award of attorney's fees.

## SIXTH CAUSE OF ACTION

### *DEFAMATION, LIBEL AND SLANDER PER SE*

51. Paragraphs 1 through 50 inclusive are incorporated by reference.

52. That Defendants' conduct described above severely harmed the reputation and character of the Plaintiff with the making of false statements to third parties, both orally and in writing.

53. That Plaintiff has suffered loss of reputation, shame, mortification and hurt feelings as a result of Defendants deliberate, malicious, intentional, and oppressive conduct.

54. As a direct and proximate result of the false statements made by Defendants, Plaintiff has suffered injury and damages all in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

55. The acts, conduct and behavior of each of the individual Defendants were performed knowingly, intentionally, oppressively, and maliciously, by reason of which, Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

56. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

*WHEREFORE,* Plaintiff prays that this Honorable Court: Enter judgment in Plaintiff's

favor, and against the Defendants, and each of them: (a) for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); (b) for punitive damages each in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); (c) for injunctive and declaratory relief; and (d) together with the costs and disbursements of this action and such other attorney's fees pursuant to 42 U.S.C. §1988, and further relief as justice requires.

DATED this 25th day of November, 2009.

THE BACH LAW FIRM, LLC

By:/s/ JASON J. BACH
JASON J. BACH, ESQ.
Nevada Bar No.: 7984
6053 S. Fort Apache Rd., Suite 130
Las Vegas, NV 89148
Tel.: (702) 925-8787
Attorneys for Plaintiff