**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DANIELLE MAFFEO, | ) | 2:09-cv-02274-HDM-LRL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF NEVADA, ex. Rel. BOARD | ) | |
| OF REGENTS OF THE NEVADA SYSTEM | ) | |
| OF HIGHER EDUCATION, and KAREN | ) | |
| WEST, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.  Factual and Procedural History**

Plaintiff is Danielle Maffeo, a former student of the University of Nevada, Las Vegas, School of Dental Medicine. Defendants are the State of Nevada ex. rel. Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas, (hereinafter referred to as "Board of Regents" or "UNLV") and Karen West, Dean of UNLV's School of Dental

Medicine.

Plaintiff was a student at UNLV's School of Dental Medicine from September 2005 to January 2008.  At the end of her 2005 fall term, plaintiff was indefinitely separated (expelled) from the University for academic difficulties in her first semester by former Dean of the Dental School, Dean Ferrillo. She appealed this decision to the Student Appeals Committee.  The Committee recommended that plaintiff be allowed to return as a first year dental student for the fall 2006 semester under stringent conditions. A February 24, 2006 letter from Dean Ferrillo outlined those conditions.  According to the letter, plaintiff was required to re-enroll as first year dental school student, maintain a B or better in all courses, maintain at least a 2.0 GPA, fail no courses, and remain on academic probation for the entire 2006-2007 school year.

Plaintiff reentered the program as a first year student and successfully completed the fall 2006 term.  However, during the summer 2007 term plaintiff again failed two courses.  In August 2007, the Student Progress Committee recommended plaintiff be indefinitely separated from the University.  On September 20, 2007, defendant Dean of the Dental School Karen West issued her decision to indefinitely separate plaintiff for failing to comply with the conditions of Dean Ferrillo's reinstatement letter.  Plaintiff appealed this decision to the Dental Medicine Appeals Committee. She was represented by counsel during the appeal and all related hearings.  On October 24, 2007, Dean West issued her decision letter based on the Appeals Committee recommendation.  Plaintiff was allowed to remain on probation for the 2007-2008 academic year,

she was allowed to remediate her two failing grades, but was not permitted to remediate any other grades while on probation, and remediation of those grades was to be completed by November 30, 2007.  Plaintiff was not indefinitely separated from the University at that time.

Plaintiff failed to meet these conditions because she failed two additional courses and only successfully remediated one prior failed grade.  Consequently, on December 12, 2007, Dean West issued another letter indefinitely separating plaintiff from the University for failing to adhere to the conditions of her probation.[1]  Plaintiff appealed that decision as well.  In January 2008, plaintiff was not permitted to begin the spring 2008 term and her tuition was refunded.

On January 11, 2008, plaintiff filed a complaint for temporary restraining order and preliminary injunction in the Eighth Judicial District Court, Clark County, Nevada.  On January 11, 2008, plaintiff also filed a petition for temporary restraining order. Plaintiff sought redress for the December 2007 determination that she be indefinitely separated from UNLV's dental program. Plaintiff sought the temporary restraining order and preliminary injunction in order to continue to attend classes.  On January 22, 2008, the state court granted plaintiff's petition for a temporary restraining order, which allowed plaintiff to return to the school and attend classes.  Defendants' subsequently filed a motion to stay and an emergency appeal of the court's decision.  An

---

[1] The record indicates that plaintiff failed a total of eight (8) courses while enrolled in UNLV's dental school.

3

evidentiary hearing on plaintiff's petition and defendants' appeal was held on February 5, 2008.  On February 28, 2008, the state court issued an order finding that plaintiff had not met her burden to obtain a preliminary injunction.  As plaintiff's complaint only addressed the preliminary injunction, the complaint was also dismissed.

Plaintiff filed her federal complaint against the defendants on November 20, 2009 alleging six causes of action: Fifth and Fourteenth Amendment due process violations[2], breach of contract, negligence in hiring, training and supervision, intentional and negligent infliction of emotional distress, injunctive and declaratory relief, and defamation, libel and slander per se.

---

[2] Plaintiff asserts that the defendants have violated her procedural and substantive due process rights under the Fifth and Fourteenth Amendments by promoting a de facto policy of reviewing student appeals that has prevented plaintiff from returning to school and effectively prevented her from being admitted to another institution of higher learning.  See Plaintiff's Complaint 4.  In addition, plaintiff alleges the defendants have not taken steps to correct said policy or to properly train and supervise individual employees in the proper constitutional and statutory limits to the exercise of their authority. *Id.* at 5.  In short, plaintiff alleges Dean West acted intentionally or with deliberate indifference and/or reckless disregard to plaintiff's due process rights when she indefinitely separated plaintiff from the dental school, that Dean West did not follow proper procedure as outlined in the student handbook, and that UNLV is responsible for Dean West's conduct. *Id.*

Plaintiff seeks monetary damages and a declaratory judgment.

On March 22, 2010, defendants' filed a motion to dismiss plaintiff's claims based on failure to state a claim under Rule 12(b)(6), res judicata and collateral estoppel, and Eleventh Amendment immunity and qualified immunity in 42 U.S.C. § 1983 claims. On April 8, 2010, plaintiff filed her opposition. Defendants replied on April 19, 2010.

On August 6, 2010, this court held a hearing on defendants' motion to dismiss. At that hearing, the court converted the defendants' motion to dismiss to a motion for summary judgment. Plaintiff was granted sixty (60) days from the date of the hearing to file a supplemental responsive pleading. In addition, the court allowed limited discovery within the briefing period and granted plaintiff leave to amend her complaint. Plaintiff did not file a supplemental responsive pleading or an amended complaint by the October 5, 2010 deadline. For the reasons set forth below, defendants' motion to dismiss, now converted to a motion for summary judgment, is granted as to all federal claims. All of plaintiff's federal claims are dismissed with prejudice and any pendent state law claims are dismissed without prejudice.

## II.  Summary Judgment Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law

where no genuine issues of material fact remain in dispute. Fed.
R. Civ. P. 56(c). See also *Northwest Motorcycle Ass'n v. U.S.
Department of Agriculture,* 18 F.3d 1468, 1471 (9th Cir. 1994).
Judgment as a matter of law is appropriate only where there is no
legally sufficient evidentiary basis for a reasonable jury to find
for the non-moving party. Fed. R. Civ. P. 50(a). The court views
the evidence and any inferences in the light most favorable to the
non-moving party. *Bagdad v. Nazar*, 84 F.3d 1194, 1197 (9th
Cir.1996).

**III.  Decision**

  A. The Eleventh Amendment Bars Suit for Monetary Damages
  Against All Defendants in Their Official Capacities

Eleventh Amendment immunity bars plaintiffs from bringing
claims for monetary damages in § 1983 actions against a state or
its officials acting in their official capacities unless the state
has waived its immunity or Congress has exercised its power to
override that immunity. *Seminole Tribe of Fla. v. Florida,* 517
U.S. 44 (1996); *Will v. Michigan Dep't of State Police*, 491 U.S. 58
(1989). Nevada has refused to waive its immunity. Nev. Rev. Stat.
§ 41.031(3) (2003).

Eleventh Amendment immunity extends to state instrumentalities
and agencies. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). This
court has held that the university system in Nevada is a state
instrumentality or agency within the meaning of the Eleventh
Amendment. *Johnson v. University of Nevada*, 596 F. Supp. 175
(D.Nev. 1984).

However, in *Ex parte Young*, 209 U.S. 123 (1908), the Supreme

6

Court held that the Eleventh Amendment immunity doctrine does not bar suits "brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of federal law." *Fond du Lac Band of Chippewa Indians v. Carlson,* 68 F.3d 253, 255 (8th Cir. 1995). Therefore, to the extent that plaintiff is seeking injunctive relief, she may sue the individual defendants in their official capacities. *Will*, 491 U.S. at 71.

Plaintiff did not sue the Board of Regents in their individual capacities. Accordingly, the Board of Regents is immune from suit under § 1983. In addition, Dean Karen West in her official capacity is immune from suit for damages because a suit against a state official in her official capacity is a suit against the official's office. *Will*, 491 U.S. at 71.

B.  Defendant Dean West is Protected from Suit for Damages in Her Individual Capacity by Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The court must determine: (1) taken "in the light most favorable to the party asserting the injury, do the facts show the officer's conduct violated a constitutional right?"; and (2) if yes, was the violated right "clearly established"? *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). For a right to be clearly established, "its contours must be sufficiently clear that a reasonable official would understand what he is doing violates that right." *Hope v. Pelzer*, 536 U.S.

7

1  730, 739 (2002).

2       Construing the facts in the light most favorable to the

3  plaintiff, defendant Dean West is shielded by qualified immunity

4  because the facts show that Dean West's conduct did not violate

5  plaintiff's due process rights.

6                 *i. Procedural Due Process*

7       A due process claim requires a two-part analysis – that

8  plaintiff was deprived of a protected interest, and if so, what

9  process was she due.  *Logan v. Zimmerman Bush Co.*, 455 U.S. 422,

10  428 (1982).  Plaintiff has a protected property interest in

11  continued enrollment at a public institution of higher learning.

12  *Univ. of Mo. v. Horowitz*, 435 U.S. 78, 84-5 (1978).  However,

13  plaintiff is entitled to only minimal procedural due process

14  because she was removed from the dental school for academic

15  reasons.  When a student is suspended from a public school or

16  university for disciplinary reasons due process requires "that the

17  student be given oral or written notice of the charges against

18  [her] and, if [she] denies them, an explanation of the evidence the

19  authorities have and an opportunity to present [her] side of the

20  story."  *Goss v. Lopez*, 419 U.S. 565, 581 (1975).  Such complete

21  procedural safeguards do not apply when a student is dismissed for

22  failure to meet academic standards. *Horowitz*, 435 U.S. at 84.

23  Procedural due process is satisfied for the dismissal of a student

24  for academic reasons if the student had (1) prior notice of faculty

25  dissatisfaction with her performance and of the possibility of

26  dismissal, and (2) if the decision to dismiss the student was

27  careful and deliberate.  *Id*. At 85.

28       Plaintiff was afforded more than the minimal procedural due

8

process required for her academic dismissal.  On February 24, 2006, Plaintiff was advised in writing by Dean Ferrillo that instead of indefinitely separating her from the University, she could repeat her first year of dental school and be placed on probation for the entire 2006-2007 academic year. She was required to meet certain conditions while on probation, including not failing any additional courses.  In the summer of 2007, plaintiff failed two additional courses.  Dean West then recommended she be indefinitely separated from the University.  Plaintiff appealed this decision, was permitted a hearing with counsel present as an advisor, and was successful.  In a letter from Dean West dated October 24, 2007, plaintiff was allowed to remediate her two failed courses and was again placed on probation. However, plaintiff was advised that if she failed any additional courses, she would not be allowed to remediate those grades. In December of 2007, plaintiff had failed to remediate one course, and she failed two additional courses. Accordingly, Dean West recommended she be dismissed from the program.  Plaintiff appealed this decision as well.  On January 4, 2008, plaintiff had a hearing in front of the Academic Appeals Committee. Again, counsel was present.  The committee upheld the decision of Dean West and plaintiff was indefinitely separated from UNLV's dental program.

The UNLV Dental School Student Handbook provides that the student progress committee notify the Dean if a student is academically struggling.  The Dean has discretion to recommend the student be placed on probation, repeat the year, or be separated from the University. The handbook also provides that a student may appeal the Dean's decision to the Academic Appeals Committee. The

1  student is permitted a hearing, after the hearing the committee

2  makes recommendations to the Dean, who issues the final decision.

3  If the student is dissatisfied with the final decision she may

4  appeal it to the University Provost or President.

5       The University and Dean West followed all of the regulations

6  set forth in the Student Handbook.  They also afforded plaintiff

7  many opportunities to improve her academic record before finally

8  recommending she be dismissed permanently from the program.  The

9  process plaintiff received in this case was substantially greater

10  than that afforded to students who are subject to academic

11  proceedings.  Plaintiff received both written notice and an

12  opportunity to respond. *See Goss v. Lopez*, 419 U.S. at 581.

13  Consequently, plaintiff has failed to show that a triable issue of

14  material fact remains on her due process claim against Dean West.

15           *ii. Substantive Due Process*

16       Substantive due process provides heightened protection against

17  government interference with certain fundamental rights and

18  liberties.  Although courts hesitate to extend substantive due

19  process protection to non-liberty interests, courts may review an

20  academic decision of a public education institution under the

21  substantive due process standard.  *See Moore v. City of East*

22  *Cleveland, Ohio*, 431 U.S. 494, 503 (1977).  In doing so the court

23  must show great "respect for the faculty's professional judgment,

24  [and should not] override it unless it is such a substantial

25  departure from accepted academic norms as to demonstrate that the

26  person or committee responsible did not actually exercise

27  professional judgment." *Regents of the University of Michigan v.*

28  *Ewing,* 474 U.S. 214, 225 (1985).

To establish a violation of substantive due process, a student must demonstrate arbitrary and capricious conduct on the part of university officials by showing that there was no rational basis for the university's decision, or must show that the dismissal was motivated by bad faith or ill will unrelated to academic performance. *Horowitz,* 435 U.S. at 91-92. A student may maintain a substantive due process claim if the university's actions constituted a "substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Ewing,* 474 U.S. at 225.

The record does not support plaintiff's claim that her dismissal was arbitrary or capricious. Nor does it establish that the University's actions substantially departed from academic norms so as to demonstrate that Dean West did not exercise professional judgment. *Id.* Plaintiff struggled in dental school and received a total of 8 failing grades. She was placed on academic probation multiple times, and she repeatedly failed to meet the conditions of probation. The decision to dismiss her from the program was neither capricious nor arbitrary. Instead, it was the product of at least a year and a half of professors, administrative committees and school deans working with plaintiff to improve her academic performance. Dean West complied with all the procedural requirements set forth in the student handbook. She gave plaintiff notice of her poor performance, discussed her performance and possible remediation of failing grades with her, and provided her with several hearing opportunities. There were multiple, legitimate academic reasons to dismiss plaintiff from the program. She received all the process she was due. Dean West's decision to

1   dismiss plaintiff was careful, deliberate and objectively

2   reasonable.  Further, plaintiff was given an opportunity by this

3   court to conduct discovery and file a supplemental response to

4   defendants' motion.  She elected not to do so.  Plaintiff has

5   failed to show that a triable issue of material fact remains to be

6   tried on her substantive due process claim.  Accordingly,

7   plaintiff's due process claims against Dean West are dismissed with

8   prejudice.

9

10  **IV.   Declaratory/Injunctive Relief is not Barred by Res Judicata,**

11  **but is Denied on Other Grounds**

12      Collateral estoppel precludes re-litigation of issues argued

13  and decided in prior proceedings.  *Myers v. City of Cheney*, No. CV-

14  07-0317-JLQ, 2007 WL 3254720, at * 5 (E.D. Wash. Nov. 2, 2007).

15  Res judicata precludes parties from re-litigating causes of action

16  that were brought, or could have been brought in a prior action.

17  *Id.*  When a state court judgment is offered for res judicata or

18  collateral estoppel effect, a federal court must determine, based

19  on state law, whether judgment is final and therefore conclusive in

20  federal court. *Turnbow v. Pacific Mutual Life Insurance, Co.*, 934

21  F.2d 1100, 1102, (9th Cir. 1991).  Under Nevada law, a judgment on

22  the merits of an issue bars further consideration of that issue.

23  *Id.*

24      Ordinarily, findings of fact and conclusions of law made in a

25  preliminary injunction proceeding do not preclude re-examination of

26  the merits at a subsequent trial.  *See, e.g., University of Texas*

27  *v. Camenisch*, 451 U.S. 390, 395 (1981); *Levine v. First National*

28  *Bank of Commerce*, 948 So. 2d 1051, 1057 (La. 2006) (The summary

proceedings to obtain a preliminary injunction may certainly touch upon or tentatively decide merit issues, but they are seldom, if ever, considered decisions on the merits.).  Rather, in granting, or not granting, a preliminary injunction, a court is making a determination that there is a likelihood, or lack thereof, of success on the merits. *Casa Dimario, Inc. v. Rhode Island Department of Business Regulation*, No. PC-02-1642, 2004 WL 1542069 (R.I. Super. June 16, 2004); *DiDonato v. Kennedy*, 822 A.2d 179, 181 (R.I. 2003).  Thus, absent a final judgment or decision on the merits of an issue in the preliminary injunction hearing, the doctrines of res judicata and collateral estoppel cannot act to bar a subsequent action on the merits. *Id.*

     In this case, the decision by the state court denying plaintiff's petition for a preliminary injunction, was not a final decision on the merits.  However, for the reasons set forth above, plaintiff has failed to show her due process rights were violated, and therefore, she is not entitled to injunctive or declaratory relief on these grounds.[3]  Plaintiff must demonstrate the likelihood of future injury in order to win an award of prospective injunctive relief.  *Kruse v. Hawaii*, 68 F.3d 331, 335 (9th Cir.

---

     [3] A declaratory judgment may be paired with injunctive relief where appropriate. *Aronoff v. Cattleman*, 345 P.2d 221 (Nev. 1959). A declaratory judgment requires a justiciable controversy. *Kress v. Corey*, 189 P.2d 352 (Nev. 1948).  As plaintiff has failed to present sufficient evidence that her due process rights we violated, no justiciable controversy exists.  She is not entitled to a declaratory judgment.

1  1995).   There must be a credible threat that plaintiff will be

2  subjected to the specific injury she seeks injunctive or

3  declaratory relief for again.  *Kolender v. Lawson*, 461 U.S. 352,

4  355 (1983).  For the reasons set forth above, plaintiff's claim for

5  prospective injunctive relief is denied.

6

7  **IV.  Conclusion**

8        Plaintiff's federal claims are dismissed with prejudice.  The

9  court declines to assert supplemental jurisdiction over plaintiff's

10  state law claims.  See *Williams v. Costco Wholesale Corp.*, 471 F.3d

11  975, 977 (9th Cir. 2006).  Accordingly, plaintiff's state law

12  claims are dismissed without prejudice.

13

14        **IT IS SO ORDERED.**

15        DATED: This 19th day of October, 2010.

16

17                          _Howard D McKibben_

18                          UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28